Curia, per
O’Neall, J.
This court concurs in the decision below.
It is altogether a mistake to suppose that a judgment confessed as an indemnity for liabilities incurred by another, as indorser or security, is void. It is good and legal, and at law, may be enforced without any inquiry whether the plaintiff has been compelled to pay his liabilities for the defendant or not. Indeed it may often be necessary that he should enforce the judgment before he does pay, to save himself from loss.
Such a judgment would be liable to no imputation of fraud, and could not be set aside at law. It might be, that if the defendant paid the debts, to secure which, the confession was given, the plaintiff might be compelled at law, to enter satisfaction. But, generally speaking, the only remedy which a creditor could have, would be in equity. That court, if the defendant had paid the debts, or if the plaintiff never could pay them, would, in the first case, enjoin the enforcement of the execution, and in the other instance, might order the judgment to stand as a security for the benefit of the creditors to whom the plaintiff was liable for the defendant.
There is neither reason nor authority in favor of the position that such a judgment should be postponed to subse *148 quent bona fide judgment creditors. It might just as well be asked that a mortgage executed to secure a security, should be postponed.
The language of equity would be, in such a case, relieve the security, by paying the debt for which he is liable, and then your debtor’s property will be unincumbered and liable to your remedy. The,motion is dismissed.
O’Neall, Evans, Butler and Wardlaw, JJ. concurred.